**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 23, 2019*
Decided April 24, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-2495

| | |
|---|---|
| DAVID CZAPIEWSKI, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 16-C-1709 |
| RICHARD ZIMKIEWICZ, et al., <br> *Defendants-Appellees*. | Lynn Adelman, <br> *Judge*. |

**O R D E R**

David Czapiewski sued prison staff members under 42 U.S.C. § 1983 for displaying deliberate indifference to his expression of suicidal thoughts and retaliating against him for his statements. The district court granted the defendants' motion for summary judgment. Czapiewski appeals, and we affirm the judgment.

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Czapiewski, who has a schizoaffective disorder, is imprisoned at the Wisconsin Resource Center, a facility for state prison inmates in need of psychiatric care. One day, shortly after getting into a dispute over a television set, he told three psychiatric-care technicians, including Zachary Pingel, that he should be placed on observation status because he had thoughts about harming staff members and himself. Given his demeanor (standing imposingly over their desk), the technicians perceived Czapiewski to be making a threat. One of them summoned a psychiatric-care supervisor and explained what had happened.

The supervisor, Richard Zimkiewicz, spoke with Czapiewski about the incident. Czapiewski was adamant that he did not really want to hurt himself or others but just had a thought about it, "like a memory." Based on this conversation and Czapiewski's demeanor, Zimkiewicz concluded that Czapiewski did not require placement on observation status. Zimkiewicz instead decided to place Czapiewski in temporary lockup pending an investigation into potential disciplinary action for his threatening comments. Temporary lockup cells and observation cells are in the same unit of the facility, and staff perform welfare checks on inmates in both kinds of cells every fifteen minutes. Inmates placed on observation status are evaluated by crisis psychologists, while those in temporary lockup are not.

In response to his placement in lockup, Czapiewski submitted a statement in which he admitted that he had told staff that he was having thoughts of harming them. A security director, Brian Bantleon, later reviewed Czapiewski's statement and the reason for the lockup and approved the placement.

Czapiewski attempted suicide that night by jumping head-first off the sink. He did not report this at the time, and there is no documentation of any attempted self-harm or injury while in lockup. Notes from staff members who performed welfare checks state that Czapiewski acted appropriately, made his needs known, and took his medication. Czapiewski first disclosed his suicide attempt about eighteen months later, and he claims that he now suffers from back pain and migraines because of it.

After one night in lockup, Czapiewski returned to the general population. Zimkiewicz, the psychiatric supervisor, concluded that Czapiewski had been "trying to intimidate and threaten staff under the guise of requesting help." He instructed Pingel to issue Czapiewski a disciplinary report. Theodore Stern, a security supervisor, reviewed and approved the report three days later. After a hearing, the conduct report was dismissed, and Czapiewski did not receive any reprimand.

Czapiewski then sued Pingel, Zimkiewicz, Bantleon, and Stern, alleging that they were deliberately indifferent to the risk that he would attempt suicide and retaliated against him in violation of the First Amendment by issuing a conduct report for the supposed "threat." Each side moved for summary judgment, and the district court entered judgment for the defendants. The district court concluded that the defendants did not know of any risk of harm because Czapiewski had repeatedly stated that he had no intention of harming himself. The court further determined that Czapiewski's statements about wanting to harm staff were threats and therefore not speech that the First Amendment protects.

On appeal, Czapiewski first argues that he produced sufficient evidence that the defendants were deliberately indifferent to his risk of committing suicide. To survive summary judgment, Czapiewski needed evidence that the defendants: (1) subjectively knew that he was at substantial risk of committing suicide and (2) intentionally disregarded that risk. *Collins v. Seeman*, 462 F.3d 757, 761 (7th Cir. 2006). He fell short.

First, Bantleon and Stern were not aware of Czapiewski's comments about harming himself until *after* the alleged suicide attempt, so they could not have known that he was at risk. *See Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). And while Czapiewski reported his thoughts of self-harm to Pingel, Zimkiewicz (the supervisor) was notified and took over. Czapiewski points only to the failure to put him into observation as proof that Pingel was deliberately indifferent, but he lacks evidence that Pingel was qualified to make that decision or that Pingel knew that he should have done more than notify Zimkiewicz of the comments. *See Collins*, 462 F.3d at 762.

As for Zimkiewicz, Czapiewski lacks evidence that the supervisor had subjective knowledge of a substantial risk. Zimkiewicz interviewed Czapiewski immediately after learning that he spoke about self-harm, but he was adamant that he was not going to hurt himself, and he admits that he "consistently" told Zimkiewicz that it was just a thought. Based on Czapiewski's demeanor and statements, Zimkiewicz believed that Czapiewski was not at risk of self-harm and that observation was not necessary. Zimkiewicz instead determined that, in his opinion, temporary lockup was best to ensure the safety of Czapiewski, other inmates, and staff. Even if this assessment was inadequate, that is not enough to show actual knowledge of serious harm, *see Minix*, 597 F.3d at 831, or that Zimkiewicz's decision was such a substantial departure from professional judgment to constitute deliberate indifference. *See McGee v. Adams*, 721 F.3d 474, 481 (7th Cir. 2013).

Czapiewski also argues that he provided evidence that his statements were not threats and should have entitled him to First Amendment protection. But we need not decide whether a jury should have resolved the nature of his remarks. Czapiewski needed to submit some evidence that he "suffered a deprivation that would likely deter First Amendment activity." *Thayer v. Chiczewski*, 705 F.3d 237, 251 (7th Cir. 2012). Even if Czapiewski's statements that he had thoughts of wanting to harm himself and staff were not threats but were instead protected First Amendment activity, and even if, as he argues, there was no penological justification for disciplining him, the only deprivation that Czapiewski objects to is the conduct report. But that conduct report was dismissed after a hearing and Czapiewski was not disciplined, so he did not suffer any "deprivation." Even if it is retaliatory, "a single … disciplinary charge that is later dismissed is insufficient to serve as the basis of a § 1983 action." *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009).

AFFIRMED